IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2007-BO

| | |
|---|---|
| KENNETH T. HESTER,<br>    Petitioner,<br><br>v.<br><br>SANDRA F. THOMAS,<br>    Respondent. | ORDER |

Petitioner, a state inmate, petitioned the court for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 10, 2009, the court granted respondent's motion to dismiss. (D.E. # 10) Claims 1 through 3 were dismissed as untimely pursuant to AEDPA and 4 and 5 were dismissed as not cognizable in a federal habeas review. Id. Petitioner has now filed a motion to alter or amend judgment entitled "motion for reconsideration" (D.E. # 14) pursuant to Fed. R. Civ. P. 59(e). As explained below, the motion to alter or amend judgment is denied.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge."

Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, petitioner must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

In the motion to alter or amend judgment, petitioner argues that this court's order contains errors of law and fact. In asking the court to reconsider, petitioner does nothing more than re-assert arguments made previously in his petition and response to respondent's motion to dismiss. Therefore, the claims are without merit. Accordingly, Hester fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59 motion. The motion to alter or amend judgment (D.E. #14) pursuant to Fed. R. Civ. P. 59(e) is DENIED.

SO ORDERED, this 15 day of November 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE